UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY MOORE,

Petitioner,

-against-

MARK MILLER, Superintendent Green Haven C.F.

Respondent.

25-CV-5028 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

By order dated August 8, 2025, the Court directed Petitioner to file a declaration showing cause why his petition brought under 28 U.S.C. § 2254 should not be denied as time barred. Petitioner has filed a declaration, and the Court has reviewed it. For the reasons set forth in this order, the Court denies the petition as untimely.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

### A. Statute of Limitations: Final Judgment

1. One-year statute of limitation under 28 U.S.C. § 2244(d)(1)(A)

A petitioner seeking *habeas corpus* relief under Section 2254 generally must file a petition within one year from when the judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner alleges that on May 12, 2011, he was convicted in the New York Supreme Court, New York County. Court records indicate that on January 12, 2021, the New York Supreme Court, Appellate Division, First Department, affirmed the conviction, and the New York Court of Appeals denied leave to appeal on April 22, 2021. *See People v. Moore*, 190 A.D.3d 500, 500 (App. Div. 2021), *leave to appeal denied*, 36 N.Y.3d 1122 (2021). Petitioner's conviction consequently became final on July 21, 2021, following "the expiration of [the] 90-day period of time to petition for certiorari in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). The one-year limitation period commenced on the following day, July 22, 2021.[1] Petitioner then had one year, until July 22, 2022, to file his petition. Petitioner alleges that he placed his petition in the prison mail collection box on June 1, 2025, nearly three years after the time to file this petition expired. The petition is therefore untimely under Section 2244(d)(1)(A).

[1] *See Chrysler v. Guiney*, 14 F. Supp. 3d 418, 443 (S.D.N.Y. 2014), *aff'd*, 806 F.3d 104 (2d Cir. 2015) ("Rule 6 [of the Federal Rules of Civil Procedure] would operate to 'exclude the day of the event that triggers the [limitations] period,' such that the final judgment day would not count against that period.") (citing Fed. R. Civ. P. 6(a)(1)(A)).

2. Statutory tolling of limitation period under 28 U.S.C. § 2244(d)(2)

Under 28 U.S.C. § 2244(d)(2), when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (emphasis added). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period. Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew.

Petitioner states that on July 19, 2022, he filed a motion to vacate his judgment in the state trial court, asserting an actual innocence ground. He indicates that the trial court denied the motion on March 19, 2024, and the Appellate Division, First Department, denied him leave to appeal on June 11, 2024. This motion does not toll the limitations period under Section 2244(d)(1)(A). Under Section 2244(d)(1)(A), Petitioner had until July 22, 2022, to file a Section 2254 petition. Petitioner filed his motion to vacate judgment on July 19, 2022, approximately three days before the statute of limitations under this subdivision expired. The postconviction proceedings terminated on June 11, 2024, when the Appellate Division denied Petitioner leave to appeal. The statute of limitations recommenced running on June 12, 2024, and because the time to file does not reset, Petitioner had only three days to file his petition, that is, until June 17, 2024.[2] Petitioner did not file his petition until June 1, 2025. Accordingly, the petition is untimely under Section 2244(d)(1)(A).

[2] The final day to file landed on a Saturday. Petitioner therefore had until the first Monday, June 17, 2024, to tile the petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

**B. Statute of Limitations: Factual Predicate**

Petitioner asserts an actual innocence ground and claims in his declaration that he learned of DNA evidence, purportedly exonerating him, on June 18, 2019. Under 28 U.S.C. § 2244(d)(1)(D), Petitioner had one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner therefore had until June 19, 2020, to file this petition. Because he did not file the Section 440.10 post-conviction motion until July 19, 2022, he cannot show that the motion tolled a limitation period that had already expired. Thus, the Court also concludes that the petition is untimely under Section 2244(d)(1)(D).

## CONCLUSION

The Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied, and this action is dismissed.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated: October 29, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.